IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ESSEX INSURANCE COMPANY,

Plaintiff,

v. Civil Action: 5:04CV139

DUSTIN NEELY, MOLLIE FITZSIMMONS,
LUCKY LADY SALOON ASSOCIATION d/b/a
LUCKY LADY SALOON and CHERYL WEST,

Defendants.

**MEMORANDUM OPINION and ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL**

On January 18, 2006 came the above named Plaintiff, by Christopher J. Sears, Esq., by telephone, and Defendants Dustin Neely and Mollie Fitzsimmons, by Chad Groome, Esq., in person, and Defendants Lucky Lady Saloon Association and Cheryl West, by Randy Gossett, Esq., in person, for Defendants Dustin Neely and Mollie Fitzsimmons' Motion to Compel discovery. Testimony was not taken, and no other evidence was introduced.

I. Introduction

A. Background.

The parties engaged in discovery and a dispute arose. The Defendants filed a Motion to Compel on November 14, 2005. The matter was referred to me by the Honorable Frederick P. Stamp, Jr., on December 8, 2005. A hearing on the Motion to Compel was held on January 18, 2006.

B. The Motion.

Defendants' Motion to Compel.[1]

C. Decision.

The Motion to Compel is GRANTED in part and DENIED in part as hereinafter set forth.

## II. Facts

1. On August 11, 2005, Defendants served Defendants' First Set of Interrogatories and Requests for Production of Documents.
2. On June 7, 2005, the parties filed their Meeting Report and Proposed Discovery Plan, in which it was agreed that all responses to interrogatories were due thirty (30) days after service.
3. On October 3, 2005, Plaintiff faxed its Responses to Defendants' First Set of Interrogatories and Request for Production of Documents to Defendants.
4. On October 17, 2005, Defendants sent a letter to Plaintiff's counsel asking Plaintiff to reconsider and supplement its response.
5. In their letter, dated October 26, 2005, Plaintiff continued to object to Defendants' discovery requests.
6. On November 14, 2005, Defendants moved to compel.

## III. Defendants' Motion to Compel

A. Contentions of the Parties.

Defendants contend that a good faith effort has been made to resolve the discovery dispute without court action and that Plaintiff should be ordered to completely and fully respond to

[1] Docket No. 21.

Defendants' discovery requests. Additionally, Defendants contend, that because Plaintiff's responses should have been filed on or before September 11, 2005, Plaintiff's objections should be deemed waived.

Plaintiff contends that Defendants' motion to compel should be denied because Defendants' requests are unrelated to the issues in this case.

B. Timeliness of Motion to Compel.

"A motion to compel . . . is deemed waived if it is not filed within thirty days after the discovery response or disclosure requirement sought was due . . . unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party." L.R. Civ. P. 37.02.

The local rules provide that Defendants are required to file a motion to compel within 30 days after a response is made. L.R. Civ. P. 37.02. In this case, Defendants would have been required to file their motion to compel on or about November 3, 2005.

Defendants did not file their motion within the precise time limits as this Court's local rules require. However, this Court encourages good-faith efforts between the attorneys for the parties in resolving their discovery disputes. Although the strict deadline for filing the motion to compel might not have been met, this Court, because at least part of the delay was caused by the non-moving party, should exercise its discretion under the local rule and decide the motion on its merits.

C. The Standards.

1. Discovery - Scope. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the

identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. P. 26(b)(1).

2. Discovery - Scope. A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In addition, "the discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").

3. Discovery - Relevancy. A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery

orders." Hinkle v. City of Clarksburg, West Virginia, 81 F.3d 416, 426 (4th Cir. 1996)(citations omitted).

4. Discovery - Duty to Supplement. Once the discovery process has commenced, a party has "a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26 (e)(2).

5. Discovery - Duty to Respond Fully and Completely - No Gamesmanship. Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required is not allowed. Hansel v. Shell Oil Corporation, 169 F.R.D. 303 (E.D. Pa 1996).

6. Discovery - Objections to Interrogatories. All objections must be stated with specificity and any objection not raised is waived. Fed. R. Civ. P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. Momah, v. Albert Einstein Medical Center, 164 F.R.D. 412, 417, (E.D. Pa. 1996) (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).

7. Discovery - Production of Documents. "Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents...or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).

8. Discovery - Requests for Production - Objections. While Rule 34 of the Federal Rules of Civil Procedure does not contain the same specificity and waiver provisions as Rule 33 of the Federal rules of Civil Procedure, the Advisory Committee notes to Rule 34 states that "the procedure provided for in Rule 34 is essentially the same as that in Rule 33." Pulsecard v. Discover Card Services, Inc., 168 F.R.D. 295, 303 (D. Kan. 1996).

9. Discovery - Motion to Compel. "If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B).

D. Discussion.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. P. 26(b)(1).

Rule 33, Federal Rules of Civil Procedure, in relevant part, provides as follows:

(a) Availability. Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26 (b)(2)....

(b) Answers and Objections.
(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
(2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.

* * * *

(4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

Fed. R. Civ. P. 33(a); (b)(1), (2) and (4) (2005).

Furthermore, "[o]bjections to disclosures or discovery that are not filed within the response time allowed by the Federal Rules of Civil Procedure, the scheduling order(s), or stipulation of the parties pursuant to Fed. R. Civ. P. 29, whichever governs, are waived unless otherwise ordered for good cause shown." L. R. Civ. P. 26.04.

Rule 34 governs the other discovery requests seeking production of documents. Rule 34 provides, in relevant part:

(a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the

> request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26 (b).
>
> (b) Procedure. The request shall set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. Without leave of court or written stipulation, a request may not be served before the time specified in 26(d)....
> Fed. R. Civ. P. 34 (a) and (b) (2005).

While Rule 34 of the Federal Rules of Civil Procedure does not contain the same specificity and waiver provisions as Rule 33 of the Federal rules of Civil Procedure, the Advisory Committee notes to Rule 34 states that "the procedure provided for in Rule 34 is essentially the same as that in Rule 33." Pulsecard v. Discover Card Services, Inc., 168 F.R.D. 295, 303 (D. Kan. 1996).

In this case, Plaintiff has not asserted any timely opposition to Defendants' Interrogatories Nos. 3 and 15 and Request for Production No. 2 and, accordingly, waived any objection. See Fed. R. Civ. P. 33(b)(4)(5) (2005).[2] Therefore, Defendants' Motion to Compel as to Defendants' Interrogatories Nos. 3 and 15 and Request for Production No. 2 is **GRANTED**.

With respect to Defendants' Request for Production No. 8, because the broker who sold the policy is not Plaintiff's employee, there is no evidence that the broker's file is within Plaintiff's possession. Therefore, Defendants' Motion to Compel as to this issue is **DENIED**.

---

[2] The Court agrees with Plaintiff's argument that, because this is an action for declaratory relief, Defendants' discovery requests at issue in this motion to compel (Interrogatories Nos. 3 and 15 and Request for Production No. 2) are unrelated to the issues of this case. However, Plaintiff failed to comply with Rule 33. See Fed. R. Civ. P. 33 (b)(4)(5) (2005).

## IV. Decision

It is ORDERED that:

1. Defendants' Motion to Compel is **GRANTED** to the extent that Plaintiff is directed to respond to Defendants' Interrogatories Nos. 3 and 15 and Request for Production No. 2. Plaintiff shall respond to the production requests within thirty (30) days from the date of this order and file a notice with the court documenting its compliance.

2. Defendants' Motion to Compel as to Request for Production No. 8 is **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: March 30, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE